UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LINARES and HATSOFF HOLDINGS, INC.,

    Plaintiffs,

v.

LOWE'S PRO SUPPLY CO.,

    Defendant.

Case No. 25-cv-11027

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiffs Andrew Linares and Hatsoff Holdings, Inc.'s (Hatsoff) application to proceed in forma pauperis. (ECF No. 2). For the following reasons, the Court (1) grants the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismisses the complaint without prejudice for a lack of subject-matter jurisdiction.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or

>       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Further, whether a plaintiff proceeds *in forma pauperis* or not, courts must dismiss any action over which they lack subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiffs ask the Court to compel arbitration in this matter, overturn a state court default judgment "due to [Defendant]'s failure to comply with [an] arbitration agreement," and award damages arising from the state court's "wrongful judgment" and the enforcement thereof. (ECF No. 1, PageID.11).  Plaintiffs also seek a temporary restraining order to prevent Defendant from enforcing the default judgment. (ECF No. 1, PageID.11; *see generally* ECF No. 4).  According to Plaintiffs, the injury in this case

> involves constitutional and procedural rights that cannot be restored later.  Mr. Linares, who is not the judgment debtor, faces continued harassment, contempt threats, and legal penalties for failing to comply with a judgment that was issued in violation of a binding arbitration agreement.  The state court has refused to address the jurisdictional issues, and ongoing enforcement exposes Plaintiffs to reputational damage, legal uncertainty, and irreparable procedural harm.  Arbitration rights, once bypassed, cannot be retroactively restored without immediate intervention.

(ECF No. 1, PageID.11).

Here, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  "The *Rooker-Feldman* doctrine bars lower federal

courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Kitchen v. Whitmer*, 106 F.4th 525, 535 (6th Cir. 2024).  "So if a plaintiff tries to challenge a state-court judgment in federal district court, the federal court lacks subject-matter jurisdiction over such claims." *Id.* (cleaned up).

"*Rooker-Feldman* applies in (1) cases brought by state-court losers (2) complaining of injuries caused by state-court judgments (3) rendered before the district court proceedings commenced (4) and inviting district court review and rejection of those judgments." *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 387 (6th Cir. 2021) (cleaned up).  "Usually *Rooker-Feldman* cases are complicated because it's difficult to determine if a plaintiff seeks review of a state-court decision, or if a decision counts as a judgment." *Id.* at 387-88 (citations omitted).  "But there's no complexity when the litigant directly asks a federal district court to declare a state-court order to be unconstitutional and enjoin its enforcement." *Id.* at 388 (cleaned up).

First, Plaintiffs were losers in state court.  The default judgment was entered against Plaintiff Hatsoff, and the subsequent efforts to enforce the judgment involved Plaintiff Linares as the corporate representative for Hatsoff. (*See* ECF No. 1, PageID.14, 16, 18-20).

Next, there is no question that Plaintiffs ask the Court to "review" what the state court did. To determine "whether a plaintiff seeks review of a state-court judgment," courts look at the "source of the injury the plaintiff alleges in the federal complaint and consider what relief the plaintiff requests" *Id.* (cleaned up). "If the injury's source is not the judgment, then the plaintiff's federal claim is independent of the state-court judgment and the district court has jurisdiction over the claim." *Id.*

Here, Plaintiffs clearly challenge the state court's default judgment, asserting that the judgment and its enforcement are the sole basis for their injury in this case. As such, the sole source of plaintiffs' alleged injury is the state court's default judgment. But the Court lacks jurisdiction to review the propriety of that judgment under 28 U.S.C. § 1257, which vests sole jurisdiction to review such claims in the Supreme Court. *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2021); *see also Holden v. Kertesz*, No. 19-13235, 2021 U.S. Dist. LEXIS 58812, at *11 (E.D. Mich. Mar. 29, 2021). If Plaintiffs want to challenge the state court's default judgment, the way to do so is by filing motions in the state court and pursuing any appeal through the proper channels. *Holden*, 2021 U.S. Dist. LEXIS 58812 at *11. Because the Court here cannot disturb the state court's default judgment based on any allegation of impropriety, Plaintiffs' complaint must be dismissed. *Id.*

\*   \*   \*

IT IS ORDERED Plaintiffs' application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed without prejudice for a lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's request for a temporary restraining order (ECF No. 4) is denied as moot.

IT IS FURTHER ORDERED that Plaintiffs may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: April 16, 2025                           s/Robert J. White
      Detroit, Michigan                         Robert J. White
                                                                     United States District Judge