UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| ANDREW LINARES and HATSOFF HOLDINGS, INC., | |
| Plaintiffs, | Case No. 25-cv-11027 |
| v. | Honorable Robert J. White |
| LOWE'S PRO SUPPLY CO., | |
| Defendant. | |

## ORDER DENYING PLAINTIFF ANDREW LINARES'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Before the Court is Plaintiff Andrew Linares's motion for leave to file an amended complaint. (ECF No. 11). The Court previously granted Plaintiffs' application to proceed *in forma pauperis* and dismissed the complaint as barred by the *Rooker-Feldman* doctrine, *see generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). (ECF No. 10). Specifically, the Court determined that Plaintiffs' complaint presented an improper challenge to a state-court default judgment against Plaintiff Hatsoff Holdings, LLC. (ECF No. 10).

Linares's motion for leave to amend now seeks "to address and cure the jurisdictional concerns identified" in the Court's dismissal order. (ECF No. 11,

PageID.98). Linares proposes (1) removing Hatsoff as a plaintiff in this matter; "**[e]liminat[ing] all requests for relief that would invalidate, reverse, or collaterally attack** the prior default judgment"; and "**[n]arrow[ing] the scope of relief** to a prospective order compelling arbitration of disputes asserted or threatened **against [Linares] individually**, and to enjoin future non-arbitral litigation of such disputes." (ECF No. 11, PageID.98-99 (emphasis in original)). According to Linares, he "[s]eeks only to enforce [his] **federal statutory right to arbitrate** under the F.A.A.," and he "invokes this Court's original jurisdiction under **9 U.S.C. § 4 and 28 U.S.C. § 1331** to compel arbitration in accordance with binding contract terms and federal law." (ECF No. 11, PageID.99 (emphasis in original)).

The Court must dismiss an *in forma pauperis* complaint if it:

(i)    is frivolous or malicious;
(ii)    fails to state a claim on which relief may be granted; or
(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

2

on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Here, Linares's proposed amended complaint and requested relief require accepting at this stage of the litigation that his claims in this matter are subject to mandatory arbitration under Defendant Lowe's Pro Supply Co.'s terms of sale. But Linares's own proposed amended complaint states:

> In particular, the Terms of Sale provide unequivocally that "**All claims by Customer, including claims by Customer's members, which the parties cannot resolve informally, shall be resolved by binding arbitration**" between the Customer (and any relevant Customer member(s)) and the Seller, under the applicable American Arbitration Association (AAA) rules.

(ECF No. 11, PageID.105 (emphasis in original)).

Critically, although Linares is a plaintiff in this action, the underlying dispute—which resulted in the state-court default judgment (and the related enforcement actions Linares now challenges)—arose from Lowe's', *the seller's*, claim of nonpayment. Indeed, Linares's motion and proposed amended complaint seek to compel arbitration for disputes asserted or threatened *against* him, specifically concerning "[t]he dispute over alleged payment for goods that gave rise to the [state] lawsuit." (ECF No. 11, PageID.99, 111-12, 115). And the terms of sale plainly provide for arbitration regarding customer claims only, indicating that a claim of the seller like that at issue here is not subject to mandatory arbitration.

3

Accordingly, because this case involves no claim by Linares or Hatsoff related to the sale of goods by Lowe's as necessary to trigger the quoted arbitration language, the Court concludes that the proposed amended complaint fails to state a plausible claim of relief.  The Court therefore denies Linares's request to amend the complaint as futile. *See Doe v. Mich. State Univ.*, 989 F.3d 418, 426- (6th Cir. 2021) (district court properly denied a motion to amend for futility where the proposed amended complaint would not withstand a motion to dismiss for failure to state a claim).

For these reasons, IT IS HEREBY ORDERED that Linares's motion for leave to file an amended complaint (ECF No. 11) is DENIED.

Dated: April 24, 2025                          s/Robert J. White_____
                                                        Robert J. White
                                                        United States District Judge

4