UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Andrew Linares,

               Plaintiff,                           Case No: 2:25−cv−11027

v.                                                          Hon. Robert J. White

Lowe's Pro Supply Co,

               Defendant.
_____/

## MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**NOW COMES,** Andrew Linares, appearing in propria persona, respectfully move this Court to reconsider its prior order denying leave to file a First Amended Complaint seeking to compel arbitration under 9 U.S.C. § 4. The Court's ruling erroneously bifurcated the dispute and misconstrued the broad scope of the arbitration clause contained in the Lowe's Terms of Sale. This motion, in addition to demonstrating that the underlying dispute arises out of an enforceable contract, further argues that a nonpayment claim is inherently a breach of contract claim. It is a fundamental tenet of contract law that no claim of nonpayment exists absent an agreement, and acceptance of that same agreement necessarily binds the parties to all of its provisions—including the arbitration clause. Accordingly, no separate remedy exists for court action when the agreement mandates arbitration. This motion fully incorporates general contract law principles and is supported by controlling case law.

STATEMENT OF PALPABLE ERROR

1. The Court, in its order denying my motion to file a First Amended Complaint, misapplied the standards governing amendments under Fed. R. Civ. P. 15(a) and applicable Michigan Court Rules. Under the liberal amendment policies outlined in cases such as Johnson v. Detroit Edison Co., and other Michigan authorities, an amendment to the complaint should be granted where there is a substantive issue to be tried and no undue delay or prejudice will result.

2. By denying the motion to file the First Amended Complaint, the Court improperly isolated Defendant's nonpayment claim from the integrated contractual relationship established by the Lowe's Terms of Sale. This bifurcation ignores that a nonpayment claim is, by its very nature, a breach of contract claim which cannot exist without an underlying agreement. Moreover, acceptance of the contract unambiguously confirms acceptance of its arbitration provision governing "all claims by Customer and Customer's members."

## ARGUMENT

3. **Enforceability of Arbitration Clauses and Incorporation by Reference**

    (a) Fundamental principles of contract law dictate that arbitration clauses are enforceable when incorporated by reference into a larger agreement. The Lowe's Terms of Sale expressly incorporate an arbitration provision applicable to every dispute arising under the contract. No separate carve-out or reserved right exists allowing litigation. See Spaeth v. Srinivasan, 959 A.2d 290, 293 (2008).

    (b) Consequently, by accepting the Terms, both parties have consented to resolve all disputes, including nonpayment claims, via binding arbitration. This incorporation effectively precludes the availability of a separate judicial remedy.

4. **Nonpayment as a Breach of Contract Claim**

    (a) A claim for nonpayment is inherently a breach of contract claim; it arises only when there is an underlying enforceable agreement that establishes the parties' obligations. As such, Defendant's nonpayment claim is inseparable from the contract that mandates arbitration.

    (b) Defendants' payment obligations—and any failure thereunder—are fully governed by

the contract. The absence of any provision reserving a right to litigate confirms that all such disputes must be submitted to arbitration. Courts have affirmed this principle in cases like Multilateral Partners Fort Myers Beach Income, L.P. v. Independent Specialty Insurance Company and DAK Property Holdings, Inc. v. Independent Specialty Insurance Company.

5. **Mutuality of Obligation versus Mutuality of Remedy and Adequate Consideration**

    (a) The enforceability of an arbitration agreement does not require perfect mutuality of remedy, but rather rests on the mutuality of obligation. Even if remedies available in arbitration differ from those in litigation, the contract remains enforceable provided it is supported by adequate consideration—a principle long recognized by the courts.

    (b) The Lowe's Terms of Sale are supported by full and adequate consideration and do not reserve any court action remedy to Lowe's. The absence of any such reservation creates complete mutuality of remedy between the parties, strengthening the argument that all disputes, including those related to nonpayment, must be arbitrated.

    (c) In Northcom, Ltd. v. James, 694 So.2d 1329 (Ala. 1997), the court held that even where a contract allowed partial litigation rights to one party, the arbitration clause was nonetheless enforced. Here, full mutuality exists, thereby compelling arbitration in its entirety.

6. **Broad Scope of the Arbitration Clause Governing All Claims**

    (a) The Terms of Sale provide that "all claims by Customer and Customer's members" are subject to binding arbitration. This language is unequivocal and was intended by the parties to capture every dispute arising out of their transactional relationship—including any nonpayment disputes.

(b) As supported by cases such as Vassilkovska v. Woodfield Nissan, Inc., Mechanical Power Conversion, L.L.C. v. Cobasys, L.L.C., Akins Construction, Inc. v. North American Specialty Insurance Company, CYCLE & MARINE LAND, INC. v. Polaris Sales, Inc., and Kostopoulos Rodriguez, PLLC v. Green Dryclean L3, Inc., the scope of an arbitration clause is to be read broadly. The artificial separation of the nonpayment claim from the arbitration provision undermines the contract's inherent integration and the parties' intent.

7. **No Separate Remedy for Court Action When Arbitration is Mandated**

(a) No provision in the Lowe's Terms of Sale authorizes Defendant to pursue court action independent of the arbitration process. The contract mandates arbitration for all disputes arising from the transaction.

(b) Acceptance of the contract precludes any claim of nonpayment unless it is brought within the arbitration forum. The absence of a judicial remedy confirms that any attempt to litigate claims contrary to the agreed arbitration mechanism should be stricken, thereby reinforcing the compulsory nature of arbitration.

8. **Correcting the Error and Promoting Judicial Efficiency**

(a) Reversing the Court's bifurcation of the dispute would not cause undue delay but would instead facilitate a complete and efficient resolution by allowing all disputes—including Defendant's nonpayment claim—to be resolved in a single, integrated proceeding before an arbitrator.

(b) Such correction is fully consistent with Federal Arbitration Act (FAA) policy and well-established Sixth Circuit authority favoring arbitration enforcement and comprehensive resolution of contractual disputes.

CONCLUSION AND RELIEF REQUESTED

WHEREFORE, the foregoing reasons, and in light of the well-established contract law principles and supporting case law cited herein, I respectfully request that this Court:

1. Reconsider its prior order denying leave to file the First Amended Complaint, recognizing that the error in bifurcating the dispute constitutes a palpable and reversible error;

2. Grant leave to file the First Amended Complaint, permitting me to fully assert my breach of contract claim and to compel arbitration pursuant to 9 U.S.C. § 4, the FAA, and established contract law principles; and

3. Issue an order compelling arbitration of all claims arising under the Lowe's Terms of Sale, including any nonpayment dispute, thereby upholding the parties' contractual obligations.

CERTIFICATION PURSUANT TO MCR 2.119(A)(2)

I, Andrew Linares, hereby certify that I have read this motion, that to the best of my knowledge, information, and belief it is well grounded in fact and warranted by existing law, and that it is not interposed for any improper purpose.

Dated: April 27th, 2025

Respectfully submitted,

_____
Andrew Linares
Movant, *In Pro Per*
4450 Harding Street
Dearborn Heights, MI 48125
734-205-8788