UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW LINARES and HATSOFF HOLDINGS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>LOWE'S PRO SUPPLY CO.,<br><br>    Defendant. | Case No. 25-cv-11027<br><br>Honorable Robert J. White |

**ORDER DENYING PLAINTIFF ANDREW LINARES'S (1) RENEWED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND (2) MOTION FOR RECONSIDERATION**

Before the Court are (1) Plaintiff Andrew Linares's renewed motion for leave to file an amended complaint (ECF No. 13), and (2) his motion for reconsideration of the Court's order denying leave to file an amended complaint (ECF No. 14). The Court previously granted Plaintiffs' application to proceed *in forma pauperis* and dismissed the complaint as barred by the *Rooker-Feldman* doctrine, *see generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). (ECF No. 10). Specifically, the Court determined that Plaintiffs' complaint presented an improper challenge to a state-court default judgment against Plaintiff Hatsoff Holdings, LLC. (ECF No. 10). The Court then

denied Plaintiff's motion for leave to file an amended complaint because the proposed amended complaint failed to state a plausible claim for relief. (ECF No. 12).

The local rules of this district no longer allow a party to file a motion for reconsideration of final orders or judgments. E.D. Mich. LR 7.1(h)(1). Instead, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). *Id.*

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). While Rule 59(e) permits a court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

      (4) the judgment is void;

      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015). Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id.* Like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments previously made and rejected. *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003). The party seeking relief under Rule 59(e) or Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Furthermore, courts should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court need do so if an amendment would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.*

At the outset, Plaintiff fails to demonstrate any of the requirements for relief under Fed. R. Civ. P. 59(e) or 60(b). Both Plaintiff's motions primarily argue that, contrary to the Court's prior order and per the contractual language of Defendant's terms of sale, the parties "intend[ed] to arbitrate all disputes related to the transaction [at issue]." (ECF No. 13, PageID.131; *see also* ECF No 13, PageID.132-34; ECF No. 14, PageID.137-39). Plaintiff's motion for reconsideration also argues that the Court misapplied the standards governing leave to amend and broadly interpreting arbitration agreements. (ECF No. 14, PageID.136, 138-39).

To the extent that both motions argue that the underlying dispute here sounds in breach of contract, the Court agrees. But the Court's prior denial of leave to amend the complaint did not "erroneously bifurcate[] the dispute" and "improperly isolate[] Defendant's nonpayment claim from the integrated contractual relationship established by [Defendant]'s Terms of Sale." (*See* ECF No. 14, PageID.136-37). In fact, the Court acknowledges that, at least based on the facts available at this early stage of the proceedings, Defendant's terms of sale presumably govern the alleged nonpayment underlying this dispute.

Nevertheless, as already decided by the Court, the plain language of Defendant's terms of sale subject to arbitration only claims *by a customer or the customer's members*. (ECF No. 12, PageID.129). And Plaintiff's motion for reconsideration cites the same contractual language that "'all claims by Customer

4

and Customer's members' are subject to binding arbitration" (ECF No. 14, PageID.138), with nothing to change the Court's earlier analysis. Accordingly, the underlying claim for nonpayment by Defendant, the seller, even if governed by the terms of sale, is not subject to arbitration.

Plaintiff is generally correct that the Federal Arbitration Act "manifests a liberal federal policy favoring arbitration agreements," and that ambiguities in contractual language should be resolved in favor of arbitration. *Solo v. UPS Co.*, 947 F.3d 968, 972-73 (6th Cir. 2020) (cleaned up). However, "while ambiguities in the language of the agreement should be resolved in favor of arbitration, [courts] do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *Id.* at 974 (cleaned up); *see also Superior Comm'ns v. City of Riverview*, 881 F.3d 432, 438 (6th Cir. 2018) ("[U]nambiguous contract terms 'must be *enforced as written*,'" and courts "will not create ambiguity where the terms of the contract are clear.") (citation omitted; emphasis in original).

In sum, the Court concludes that the plain language of Defendant's terms of sale does not mandate arbitration in this case, and amendment of the complaint would therefore be futile.

For these reasons, IT IS HEREBY ORDERED that Linares's renewed motion for leave to file an amended complaint (ECF No. 13) is DENIED.

IT IS FURTHER ORDERED that Linares's motion for reconsideration (ECF No. 14) is DENIED.

Dated: May 2, 2025                     s/Robert J. White
                                       Robert J. White
                                       United States District Judge