UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Andrew Linares,

        Plaintiff,                              Case No: 2:25−cv−11027

v.                                                 Hon. Robert J. White

Lowe's Pro Supply Co,

        Defendant.
_____/

### MOTION TO VACATE ORDER (ECF NO. 16) UNDER FED. R. CIV. P. 60(b)(4)

**NOW COMES,** Plaintiff Andrew Linares ("Plaintiff"), appearing in propria persona, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 60(b)(4) to vacate its Order of May 2, 2025 (ECF No. 16) as void. The Order, which denied Plaintiff leave to file an amended complaint, is void because, upon determining that a valid arbitration agreement governed the parties' dispute, the Court was divested of subject-matter jurisdiction to proceed further except to compel arbitration as mandated by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–4. By engaging in a substantive interpretation of the arbitration clause's scope—specifically, by determining *which* party's claims were arbitrable based on common law contract notions—the Court exceeded the narrow jurisdictional authority permitted by the FAA, rendering its Order (ECF No. 16) void *ab initio*.

### INTRODUCTION

This motion concerns a fundamental jurisdictional limitation imposed by the FAA. Congress enacted the FAA to reverse judicial hostility toward arbitration and establish a strong federal policy in favor of enforcing arbitration agreements. The Act strictly defines and limits the role of federal courts when confronted with a valid arbitration agreement. Once a court determines that such an agreement exists and covers the dispute, the FAA commands the court

to enforce the agreement "according to its terms," 9 U.S.C. § 2, and divests the court of jurisdiction to rule on the merits of the underlying claims or defenses. See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445–46 (2006).

In its Order (ECF No. 16), this Court acknowledged the existence and applicability of the governing Lowe's Terms of Sale, which contain an unambiguous mandatory arbitration clause. (ECF No. 16 at 4). Despite this threshold determination, the Court proceeded beyond its jurisdictional bounds by interpreting the *scope* of the clause to exclude claims initiated by the seller (Lowe's). In so doing, the Court adjudicated the arbitrability of specific claims based on the claimant's identity—an inquiry reserved exclusively for the arbitrator under the FAA and controlling precedent. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). Moreover, the Court's narrow interpretation of the arbitration clause—restricting its application to claims brought by the "Customer"—only makes sense if one substitutes common law doctrines (such as good faith and fair dealing or other covenants typically applied when contracts lack specific default or nonpayment provisions). Such principles may be used when filling gaps in contracts void of explicit remedies; however, they do not permit the invocation of extrinsic doctrines to contravene the contract as written when a single, exclusive remedy (arbitration) is expressly provided. There is silence in the contract on any alternative forum for seller claims, and the language does not allow for judicial litigation as a remedy. The resulting denial of leave to amend (ECF No. 16 at 4–5), predicated on this ultra vires scope determination, was an exercise of jurisdiction the Court no longer possessed. Accordingly, the Order is void and must be vacated under Rule 60(b)(4).

LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(4) provides mandatory relief from a final judgment

or order if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment "is not void merely because it is erroneous." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). Instead, voidness under Rule 60(b)(4) arises only if "the court that rendered [the judgment or order] lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Id. at 271.

Crucially, if an order is void, the court lacks discretion and *must* grant relief under Rule 60(b)(4). *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("A void judgment is a legal nullity and a court considering a motion to vacate has no discretion…"). There is no time limit for attacking a void judgment. Here, because the Court itself held that a valid arbitration clause governed the dispute (ECF No. 16 at 4), the FAA divested the Court of subject-matter jurisdiction to decide the merits or scope of arbitrable claims. The Court's subsequent merits-based analysis in ECF No. 16, rendered without jurisdiction, is void *ab initio*. *See Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904–05 (6th Cir. 2006).

ARGUMENT

A. **The FAA's Unmistakable Command: Enforce Arbitration Agreements According to Their Terms and Divest Jurisdiction.**

1. Section 2 of the FAA establishes that written arbitration agreements in contracts involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision embodies a "liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and creates a body of federal "substantive law of arbitrability" applicable in state and federal courts.

2. The FAA requires courts to "rigorously enforce agreements to arbitrate," *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987), and to do so "according to their terms." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989). Once a court determines that the parties agreed to arbitrate the dispute at issue, it has *no discretion* to ignore that agreement. Sections 3 and 4 of the FAA mandate judicial action: § 3 requires a stay of litigation pending arbitration "in accordance with the terms of the agreement," and § 4 requires an order compelling arbitration when the agreement's making or the failure to comply is not in issue. 9 U.S.C. §§ 3, 4. As the Sixth Circuit has emphasized, if arbitration is warranted under the agreement, the court *"shall"* order the parties to arbitrate. *See Huffman v. Hilltop Companies, LLC*, 747 F.3d 391, 393 (6th Cir. 2014).

3. This statutory framework leaves no room for judicial adjudication of the merits or scope of arbitrable claims once the existence of a valid arbitration agreement is established. At that juncture, the court's subject-matter jurisdiction over those issues ceases, and its sole power under the FAA is to compel arbitration and stay or dismiss the proceedings. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006).

B. **The Lowe's Terms of Sale Demand Arbitration of All Claims.**

4. Defendant Lowe's own "Terms of Sale", which the Court acknowledged govern this dispute (ECF No. 16 at 4), include an unambiguous and comprehensive arbitration clause:

"All claims by Customer, including claims by Customer's members, which the parties cannot resolve informally, shall be resolved by binding arbitration…under the current

applicable rules…of the American Arbitration Association…(as amended). Class action claims, joinder or consolidation, are not permitted in any forum and both parties waive any such rights under these Terms." (Terms of Sale, § 5]).

5. This language is exceptionally broad. It mandates binding AAA arbitration for *"All claims by Customer,"* explicitly includes claims by Customer's members, and expressly *waives* the right to pursue class actions, joinder, or consolidation *"in any forum."* This constitutes an unequivocal waiver of the right to litigate such claims in court. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Nothing in the Terms suggests any carve-out allowing litigation for disputes arising under the agreement, regardless of which party initiates the claim. Because Lowe's drafted its contract to require arbitration of "all claims" arising from the customer relationship under AAA rules, the Court must enforce that bargain. Any doubt about the scope must be resolved in favor of arbitration. *See Moses H. Cone*, 460 U.S. at 24–25.

C. **FAA Pre-emption and Contract Law Forbid the Court's Extraneous Scope Analysis.**

6. The Court's attempt in ECF No. 16 to narrow the arbitration clause by focusing on the identity of the claimant ("claims *by* Customer") and invoking general contract principles constitutes reversible error, forbidden by FAA pre-emption and fundamental contract law.

7. **FAA Pre-emption:** The FAA pre-empts state or common-law rules that stand as an obstacle to the accomplishment of its objectives—namely, the enforcement of arbitration agreements according to their terms. While FAA § 2's savings clause preserves "generally applicable contract defenses" (such as fraud or duress), it does *not* permit the application of doctrines that uniquely or disproportionately affect

arbitration agreements or undermine their enforcement. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. at 341–44. Permitting a court to interpret a broad arbitration clause to exclude claims based solely on the claimant's identity would effectively "rewrite the contract" and obstruct the FAA's purpose. *See Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987).

8. **Improper Contract Construction & Substitution of Common Law Doctrines:** The Court's narrow interpretation—limiting the clause solely based on the identity of the claimant—appears defensible only by improperly substituting common law doctrines (such as the implied covenant of good faith and fair dealing or other covenants typically applied when contracts lack specific default or nonpayment provisions) for the express terms of the contract. Such doctrines are appropriate when a contract is silent on a default or remedy provision; however, they cannot be invoked to contravene the contract as written when it provides a single, exclusive remedy—in this case, binding arbitration. Where the contract is silent on an alternative litigation forum for certain claims (e.g., those brought by the seller), that silence does not permit an expansion of judicial remedies contrary to the clear language mandating arbitration. Moreover, any ambiguity must be construed against the drafter under *contra proferentem*. *See Klapp v. United Ins. Grp. Agency, Inc.*, 468 Mich. 459, 470–71 (2003). Lowe's, having drafted a sweeping arbitration clause, cannot later assert that seller-initiated claims are excluded.

### D. The Order (ECF No. 16) Is Void for Lack of Subject-Matter Jurisdiction.

9. By venturing beyond the threshold determination of arbitrability and engaging in a substantive analysis of the clause's scope—specifically, by concluding that Plaintiff's

proposed amendment was futile because Lowe's claim was non-arbitrable—the Court exceeded the jurisdictional limits imposed by the FAA. Its ultra vires analysis was conducted without subject-matter jurisdiction. The resulting Order (ECF No. 16) is therefore not merely erroneous; it is void *ab initio*. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Consequently, relief under Rule 60(b)(4) is mandatory.

## CONCLUSION

The Court's Order of May 2, 2025 (ECF No. 16) is void for lack of subject-matter jurisdiction. Once the Court determined that a valid arbitration agreement in the Lowe's Terms of Sale governed the parties' dispute, the Federal Arbitration Act divested the Court of authority to adjudicate the scope or merits of arbitrable claims. The Court's subsequent analysis and denial of leave to amend based on its interpretation of the clause's scope—notably, substituting common law doctrines when the contract expressly provides for arbitration—exceeded its jurisdiction. Plaintiff respectfully requests that the Court grant this Motion, vacate the void Order (ECF No. 16) pursuant to Fed. R. Civ. P. 60(b)(4), and compel arbitration consistent with the parties' binding agreement and the FAA.

WHEREFORE, Plaintiff Andrew Linares respectfully requests that this Court:

1. **GRANT** this Motion to Vacate;
2. **VACATE** the Order dated May 2, 2025 (ECF No. 16) as void;
3. **COMPEL** arbitration of all claims related to the dispute pursuant to the parties' agreement and the Federal Arbitration Act; and
4. **GRANT** such other and further relief as the Court deems just and proper.

CERTIFICATION PURSUANT TO MCR 2.119(A)(2)

I, Andrew Linares, hereby certify that I have read this motion, that to the best of my knowledge, information, and belief it is well grounded in fact and warranted by existing law, and that it is not interposed for any improper purpose.

Dated: May 4th, 2025

Respectfully submitted,

_____
Andrew Linares
Movant, *In Pro Per*
4450 Harding Street
Dearborn Heights, MI 48125
734-205-8788