UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW LINARES and HATSOFF HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S PRO SUPPLY CO., <br><br> Defendant. | Case No. 25-cv-11027 <br><br> Honorable Robert J. White |

**ORDER DENYING PLAINTIFF ANDREW LINARES'S MOTION TO VACATE**

Before the Court is Plaintiff Andrew Linares's motion to vacate the Court's May 2, 2025 order. (*See* ECF Nos. 16-17).  The Court previously granted Plaintiffs' application to proceed *in forma pauperis* and dismissed the complaint as barred by the *Rooker-Feldman* doctrine, *see generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). (ECF No. 10). Specifically, the Court determined that Plaintiffs' complaint presented an improper challenge to a state-court default judgment against Plaintiff Hatsoff Holdings, LLC. (ECF No. 10).

Trying to avoid the initial complaint's issues under *Rooker-Feldman*, Plaintiff moved for leave to file an amended complaint. (ECF No. 11).  But the Court denied

Plaintiff's request because the proposed amended complaint failed to state a plausible claim for relief. (ECF No. 12).  Next, the Court on May 2, 2025, denied Plaintiff's (1) renewed motion for leave to file an amended complaint (ECF No. 13), and (2) motion for reconsideration of the Court's order denying leave to file an amended complaint (ECF No. 14). (ECF No. 16).

The Court denied these motions—consistent with the rationale for denying Plaintiff's initial motion for leave to amend—because Plaintiff sought mandatory arbitration related to a claim of nonpayment by Defendant, the seller, but the contract terms at issue only mandate arbitration for claims by a customer or customer's members. (ECF No. 16, PageID.147-48; *see also* ECF No. 12, PageID.129-30). Interpreting the plain language of Defendant's terms of sale as not mandating arbitration in this matter, the Court concluded that amendment of the complaint would be futile. (ECF No. 16, PageID.147-48).

Plaintiff now moves for the Court to (1) vacate this most recent order under Fed. R. Civ. P. 60(b)(4) and (2) submit this matter to arbitration. (ECF No. 17, PageID.150, 156).  Rule 60(b)(4) allows a court to relieve a party from a final judgment, order, or proceeding if the judgment is void.  Plaintiff essentially argues that it was improper for the Court, once acknowledging the existence of the arbitration provision in Defendant's terms of sale, to rule on the scope of arbitration—particularly when the Court narrowly interpreted the arbitration

2

language contrary to federal law. (ECF No. 17, PageID.150-56; *see also* ECF No. 18, PageID.161-67).

In order to compel arbitration as Plaintiff desires in this case, "a court must determine whether a dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties *and that the specific dispute falls within the substantive scope of the agreement*." *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 502 (6th Cir. 2007) (cleaned up; emphasis added). The authority is therefore clear that whether the scope of the arbitration language at issue here covered this particular dispute was proper for the Court to make.

Although Plaintiff cites various cases purportedly prohibiting courts, as opposed to an arbitrator, from making such determinations, these relate to adjudicating either the merits or *procedural* arbitrability of a claim or claims. *See, e.g., Smith v. Dean Witter Reynolds, Inc.*, 102 F. App'x 940, 943 (6th Cir. 2004) ("In the absence of an agreement to the contrary, *issues of substantive arbitrability . . . are for a court to decide* and issues of procedural arbitrability, i.e., whether prerequisites such *as time limits*, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.") (first emphasis added; second emphasis in original; quoting *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85 (2002)). The Court here did not wade into

the merits of any claim or any issue of procedural arbitrability; instead, it ruled on the substantive arbitrability of this dispute under the scope of the agreement at issue.

Next, to the extent Plaintiff again challenges the Court's interpretation of the arbitration language and argues that the parties intended to arbitrate all disputes related to the transaction at issue, the Court reiterates that—per the plain language of Defendant's terms of sale—the underlying claim for nonpayment by Defendant, the seller, is not subject to arbitration. Again, "while ambiguities in the language of the agreement should be resolved in favor of arbitration, [courts] do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *Id.* at 974 (cleaned up); *see also Superior Comm'ns v. City of Riverview*, 881 F.3d 432, 438 (6th Cir. 2018) ("[U]nambiguous contract terms 'must be *enforced as written*,'" and courts "will not create ambiguity where the terms of the contract are clear.") (citation omitted; emphasis in original).

Plaintiff also criticizes the Court's decision to interpret the arbitration language *sua sponte*, and without addressing whether his proposed amendments cured the initial *Rooker-Feldman* problem, when denying relief. (ECF No. 18, PageID.165-66). According to Plaintiff, the Court's procedure in this case (1) "demonstrates how the Court arrived at its *ultra vires* scope determination by deviating from standard procedural norms and failing to address the arguments

4

properly before it" and (2) "illuminates why the FAA [the Federal Arbitration Act's] jurisdictional limitation is the dispositive issue rendering the Order void." (ECF No. 18, PageID.165).

As already discussed, however, the Court properly exercised its gatekeeping function to determine the substantive arbitrability of the parties' dispute. The Court therefore has not exceeded its authority under federal law. Additionally, the Court under 28 U.S.C. § 1915(e)(2)(B) must screen an *in forma pauperis* complaint and dismiss cases where the plaintiff fails to state a claim on which relief may be granted. And whether amendment would be futile—*i.e.*, whether the proposed amended complaint would survive a motion to dismiss—is a factor courts "must consider" when ruling on a motion for leave to amend. *Smith v. Blue Cross Blue Shield*, No. 23-12003, 2024 U.S. Dist. LEXIS 190336, at *2-3 (E.D. Mich. Aug. 9, 2024) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001)). Here, regardless of whether *Rooker-Feldman* would apply to Plaintiff's proposed amended complaint, the proposed amended complaint's failure to state a claim is fatal to Plaintiff's case.

In sum, because (1) the arbitration language is fatal to Plaintiff's claims and (2) the Court properly exercised its gatekeeping function to determine the substantive arbitrability of the parties' dispute, the instant motion is denied.

As a final matter, this is now the third time the Court has rejected the applicability of arbitration in this case. And though Plaintiff made some new arguments in each of his motions before the Court, every motion has attempted to relitigate the Court's fundamental holding concerning the scope of arbitration. Given these repetitive and arguably frivolous filings, the Court will impose a prefiling requirement that Plaintiff seek leave of the Court before filing any further motions in this case. *See Micks-Harms v. Nichols*, No. 18-12634, 2019 U.S. Dist. LEXIS 188006, at *6 (E.D. Mich. Oct. 30, 2019) ("The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court.") (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)).

"There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). "The filing of frivolous lawsuits and motions strains an already burdened federal judiciary." *Viola v. Cuyahoga Cnty. Land Bank*, No. 21-1196, 2021 U.S. Dist. LEXIS 207734, at *26-27 (N.D. Ohio Oct. 28, 2021), aff'd sub nom. *Viola v. Cuyahoga Cnty. Land Reutilization Corp.*, No. 21-4139, 2023 U.S. App. LEXIS 3642 (6th Cir. Feb. 15, 2023). "Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of

6

repetitious and frivolous filings." *Id.* at *27 (citing *In re Sindram*, 498 U.S. 177, 179-80 (1991)).

For these reasons, IT IS HEREBY ORDERED that Plaintiff's motion to vacate (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that Plaintiff must seek leave of the Court before filing any further motions in this case.

Dated: May 9, 2025                                       s/Robert J. White
                                                         Robert J. White
                                                         United States District Judge